**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.

SANDRA DISTAD

    Plaintiff,

v.

HERITAGE FAMILY MEDICINE, P.C,

WALLCUR, L.L.C.,

and

MCKESSON CORPORATION

    Defendants.

---

**COMPLAINT, JURY DEMAND AND CERTIFICATE OF REVIEW**

---

Plaintiff Sandra Distad, through counsel, Todd Tenge and Elizabeth Gillespie of the Tenge Law Firm, LLC, and Daniel A. Lipman of Parker Lipman LLP, alleges as follows:

**JURISDICTION AND VENUE**

1. Plaintiff Sandra Distad is a resident of the State of Montana.

2. Defendant Heritage Family Medicine, PC is a Colorado Professional Corporation with its primary place of business in the State of Colorado.

3. Defendant Wallcur, LLC is a California Corporation doing business in Colorado with a principal office address of 8525 Arjons Dr., Ste I, San Diego CA, 92126.

4. Defendant McKesson Corporation, is a Delaware Corporation doing

business in Colorado with a principal office address of One Post Street, San Francisco, CA 94104.

5. The value of the case exceeds the jurisdictional threshold value of $75,000.00, exclusive of interest and costs, taking into account the nature and extent of the injuries and damages sustained by Sandra Distad, and the reasonable economic and non-economic injuries and damages sustained by Sandra Distad.

6. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1).

7. This Court has personal jurisdiction over the Defendants because the negligent acts occurred in Colorado.

**GENERAL ALLEGATIONS**

8. Defendant Heritage Family Medicine, PC was a medical clinic and medical office in Fort Collins, Colorado, from approximately 2002 to 2015.

9. Dr. Marilu Orozco-Peterson was the medical director of Defendant Heritage Family Medicine, PC during the relevant timeframe.

10. Megan Beckmann was a nurse practitioner working as an employee and/or agent of Defendant Heritage Family Medicine, PC during the relevant timeframe.

11. Cortnee Lemmons was a medical assistant working as an employee or agent of Defendant Heritage Family Medicine, PC during the relevant timeframe.

12. Sandra Distad was a patient of Defendant Heritage Family Medicine, PC.

13. On December 5, 2014, Sandra Distad went to Heritage Family Medicine, PC complaining of a sore throat. She was prescribed Erythromycin to treat the sore throat due to Group A Streptococcus.

14. On December 8, 2014, Sandra Distad returned to Defendant Heritage Family Medicine, PC.  On December 8, 2014, Sandra Distad presented with a sore throat, fever and body aches.

15. On December 8, 2014, Defendant Heritage Family Medicine, PC, through their employees and agents, provided Sandra Distad with what was supposed to be intravenous infusion of saline solution in order to address hydration.

16. After receiving an intravenous infusion of what was supposed to be normal saline solution and after receiving an injection of Rocephin (cephalosporin), Sandra Distad was sent home with instructions to rest, drink fluids and to use either acetaminophen or ibuprofen as needed.

17. Later in the day on December 8, 2014, Sandra Distad became significantly more ill.  She was vomiting, shaking uncontrollably, and simultaneously having chronic and loose bowel movements.  Due to the severe symptoms, Sandra Distad was transported to theemergency room of Poudre Valley Hospital.

18. Upon going to the emergency room at Poudre Valley Hospital on December 8, 2014 at approximately 8:05 p.m., medical records reveal that Sandra Distad was "clearly very sick."  Medical records reveal that the emergency room health providers believed that she had sepsis.

19. On December 8, 2014, Sandra Distad was admitted to the intensive care unit of Poudre Valley Hospital.

20. Sandra Distad was significantly sicker when she presented to the Poudre Valley Hospital emergency room than when she was at Heritage Family Medicine, PC earlier in the day.

21. Approximately two hours after Sandra Distad arrived at Poudre Valley Hospital on December 8, 2014, she was diagnosed with sepsis, organ dysfunction and possible shock. She was further diagnosed with thrombocytopenia, leukopenia, bandemia and transaminitis, among other things.

22. As of December 8, 2014, at approximately 10 p.m., Sandra Distad had developed potentially deadly medical conditions.

23. The healthcare providers at Poudre Valley Hospital determined that she had a positive blood culture of a gram-negative bacteria.

24. Sandra Distad was required to be hospitalized at Poudre Valley Hospital from December 8, 2014 to December 16, 2014.

25. On December 16, 2014, discharge diagnoses were gram-negative rod bacteremia, septic shock with multisystem organ failure, thrombocytopenia, leukopenia, fluid overload, and transaminitis.

26. After discharge from Poudre Valley Hospital, Sandra Distad spent another approximately two weeks in an inpatient rehabilitation facility.

27. On December 8, 2014, when Sandra Distad went to Heritage Family Medicine, PC and received intravenous infusion, Heritage Family Medicine, PC negligently selected and administered the intravenous fusion to Sandra Distad from a practice IV bagnot intended for human use. .

28. On December 8, 2014, Sandra Distad was administered intravenous infusion labeled "PRACTI-IV", or similar, indicating that the bag was for practice rather than for use on humans.

29. Administering IV solution to a patient that is intended for clinical training

purposes only is negligent and below the standard of care for nurses, medical staff and for a medical practice.

30.     The IV solution administered to Sandra Distad was not intended for human useand contained bacteria or other substances harmful to humans.

31.     The IV solution administered to Sandra Distad was administered by employees and/or agents of Defendant Heritage Family Medicine, PC.

32.     Defendant Wallcur, LLC designed, assembled, made, produced, constructed or otherwise prepared the IV solution administered to Sandra Distad on December 8, 2014 by employees and/or agents of Defendant Heritage Family Medicine, PC. Defendant Wallcur, LLC was at all relevant times a "manufacturer" as that term is defined in C.R.S. § 13-21-401(1).

33.     Upon information and belief, Defendant Heritage Family Medicine, PC, obtained from Defendant McKesson Corporation, a medical supplies provider, the saline solution manufactured by Defendant Wallcur, LLC and administered to Sandra Distad on December 8, 2014.  Defendant McKesson Corporation was at all relevant times a "seller" as that term is defined in C.R.S. § 13-21-401(3).

**FIRST CLAIM FOR RELIEF**
**(Negligence - Defendant Heritage Family Medicine, PC)**

34.     Plaintiff Sandra Distad incorporates the paragraphs above as if fully set forth herein.

35.     Sandra Distad was a patient at Defendant Heritage Family Medicine, PC at all relevant times including on December 8, 2014.

36.     At all relevant times, Defendant Heritage Family Medicine, PC held itself out to the general public, including Sandra Distad, as a competent medical practice and

5

medical office.

37. Defendant Heritage Family Medicine, PC owed a duty of care to Sandra Distad to exercise that degree of care, skill, caution, diligence, and foresight exercised and expected of other medical practice groups and medical offices.

38. Defendant Heritage Family Medicine, PC deviated from the standard of care required and was negligent.

39. Defendant Heritage Family Medicine, PC's negligence, includes, but is not limited to:

    a. Failing to provide proper care to Sandra Distad on or about December 8, 2014;

    b. Providing intravenous infusion to Sandra Distad on December 8, 2014 in a negligent fashion;

    c. Providing intravenous solution to Sandra Distad on December 8, 2014 that was not intended for human use;

    d. Failing to have appropriate training, policies and procedures to avoid providing intravenous solution to a patient that is not intended for human use.

40. As a direct and proximate cause of Defendant Heritage Family Medicine, PC's negligence, Sandra Distad has suffered injuries, damages, and losses, including, but not limited to, past and future economic damages, past and future non-economic damages, and past and future physical impairment and disfigurement damages.

41. As a direct and proximate cause of Defendant Heritage Family Medicine, PC's negligence, Sandra Distad almost died, was hospitalized, required to be admitted

into the intensive care unit, and has incurred extensive expenses for care relating to medical issues, nursing, therapeutic modalities, surgical care, imaging, and medical equipment and supplies.

## SECOND CLAIM FOR RELIEF
### (*Respondeat Superior*)

42. Plaintiff incorporates the paragraphs above as if fully set forth herein.

43. On or about December 8, 2014, employees, agents, personnel, nurses and/or servants of Defendant Heritage Family Medicine, PC were responsible for providing proper medical care to Sandra Distad.

44. At all relevant times, employees, agents, personnel and/or servants of Defendant Heritage Family Medicine, PC were acting within the course and scope of their employment, office or authority.

45. At all relevant times, Defendant Heritage Family Medicine, PC was responsible for the negligent acts and omissions of their employees, agents, officers and/or servants, including nurses, nurse practitioners and medical assistants.

46. Defendant Heritage Family Medicine, PC, acting through their employees, agents, officers and/or servants, who were acting within the course and scope of their employment or within their authority, were negligent, including, but not limited to, the following:

   a. Failing to provide proper care to Sandra Distad on or about December 8, 2014;

   b. Providing intravenous infusion to Sandra Distad on December 8, 2014 in a negligent fashion;

   c. Providing intravenous solution to Sandra Distad on December 8, 2014

        that was not intended for human use;

    d. Failing to have appropriate training, policies and procedures to avoid providing intravenous solution to a patient that is not intended for human use.

47. As a direct, foreseeable and proximate result of Defendant Heritage Family Medicine, PC's negligence, acting through their employees, agents, officers and/or servants, Plaintiff Sandra Distad sustained past and future damages as more fully described above.

### THIRD CLAIM FOR RELIEF
### (Strict Product Liability – Defendant Wallcur, LLC)

48. Plaintiff incorporates the paragraphs above as if fully set forth herein.

49. Defendant Wallcur, LLC manufactured the IV Solution administered to Sandra Distad on December 8, 2014.

50. The IV Solution was defective and, because of the defect, the IV Solution was unreasonably dangerous to patients such as Sandra Distad who might reasonably be expected to use, consume, or be affected by the IV Solution.

51. The IV Solution was defective at the time it left the control of Defendant Wallcur, LLC.  It was expected to reach the user or consumer without substantial change in the condition in which it was sold, and in fact did reach the user or consumer without substantial change in the condition in which it was sold.

52. As a direct, foreseeable and proximate result of the defect in the IV Solution manufactured by Defendant Wallcur, LLC, Plaintiff Sandra Distad sustained past and future damages as more fully described above.

### FOURTH CLAIM FOR RELIEF

**(Product Liability – Negligence – Defendant Wallcur, LLC)**

53.     Plaintiff incorporates the paragraphs above as if fully set forth herein.

54.     Defendant Wallcur, LLC manufactured the IV Solution administered to Sandra Distad on December 8, 2014.

55.     Defendant Wallcur, LLC failed to exercise reasonable care to prevent the IV Solution from creating an unreasonable risk of harm to patients including Sandra Distad who might reasonably be expected to be affected by the IV Solution while it was being administered in a reasonably expected manner.

56.     As a direct, foreseeable and proximate result of the negligence of Defendant Wallcur, LLC, Sandra Distad sustained past and future damages as more fully described above.

### FIFTH CLAIM FOR RELIEF
**(Product Liability – Failure to Warn – Defendants Wallcur, LLC and McKesson Corporation)**

57.     Plaintiff incorporates the paragraphs above as if fully set forth herein.

58.     Defendant Wallcur, LLC manufactured the IV Solution administered to Sandra Distad on December 8, 2014.

59.     Defendant McKesson Corporation was a wholesaler, distributor, or retailer engaged in the business of selling the IV Solution manufactured by Defendant Wallcur, LLC for use in medical offices and practice groups such as Defendant Heritage Family Medicine, PC.

60.     Defendants Wallcur, LLC and McKesson Corporation knew or in the exercise of reasonable care should have known that the IV Solution not intended for human use may be harmful or injurious to patients including Sandra Distad and that the

harmful or injurious nature of the IV Solution would not be obvious to a reasonable user.

61.     Defendants Wallcur, LLC and McKesson Corporation negligently failed to use reasonable care to warn against the risk of harm or injury from the administration of IV Solution not intended for human use.

62.     As a direct, foreseeable and proximate result of the failure to warn by Defendants Wallcur, LLC and McKesson Corporation, Sandra Distad sustained past and future damages as more fully described above.

## FIFTH CLAIM FOR RELIEF
### Negligence Against McKesson Corporation

63.     Defendant McKesson Corporation owed a duty of care to Sandra Distad to exercise that degree of care, skill, caution, diligence, and foresight exercised and expected of other medical supply companies.

64.     Defendant McKesson Corporation fell below the standard of care when it supplied Defendant Heritage Family Medicine PC with training nonsterile IV Solution bags in unlabeled boxes, when it knew that Heritage Family Medicine, P.C. purchased IV bags intended for human consumption.

65.     Defendant McKesson Corporation, acting through its employees, agents, officers and/or servants, who were acting within the course and scope of their employment or within their authority, were negligent when it supplied Defendant Heritage Family Medicine PC with IV Solution bags that were not intended for human consumption.

66.     As a direct, foreseeable and proximate result of the negligence commited by Defendant McKesson Corporation, Sandra Distad sustained past and future damages as more fully described above.

## CERTIFICATE OF REVIEW
### (DEFENDANT HERITAGE FAMILY MEDICINE PC)

Pursuant to C.R.S. § 13-20-602, undersigned counsel certifies as follows:

a. Counsel has consulted with a licensed professional with expertise in the areas of the alleged negligent conduct against Defendant Heritage Family Medicine as set forth in this Complaint;

b. The licensed professional who has been consulted has reviewed all known facts relevant to the allegations of negligent conduct against Defendant Heritage Family Medicine as complained of in this Complaint;

c. Based upon such facts, the licensed professional has concluded that the filing of claims against Defendant Heritage Family Medicine does not lack substantial justification within the meaning of C.R.S. § 13-17-102(4); and,

d. The licensed professional who has reviewed all known facts relevant to the allegations of negligent conduct against Defendant Heritage Family Medicine as contained in Plaintiff's Complaint meets the requirements set forth in C.R.S. § 13-64-401.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a jury trial and damages in an amount to be determined at trial, together with interest, pre-judgment interest, pre-filing interest, costs, including all litigation expenses as the Court deems proper.

PLAINTIFF RESPECTFULLY REQUESTS TRIAL TO A JURY.

Respectfully submitted December 5, 2016.

                                                Respectfully submitted,

                                                TENGE LAW FIRM, LLC

                                                */s/ J. Todd Tenge*
                                                J. Todd Tenge
                                                Elizabeth Gillespie
                                                2575 Pearl Street, Suite 230
                                                Boulder, CO 80302
                                                Telephone: (303) 502-5587
                                                Facsimile: (303) 665-8788
                                                jttenge@tengelaw.com
                                                lgillespie@tengelaw.com

                                                /s/ Daniel Lipman
                                                2300 15th Street, Suite 200
                                                Denver, CO 80202
                                                Telephone: 720-638-9424
                                                dan@parkerlipman.com

Plaintiff's address:
147 Musgrave Road
Belfry, MT 59008